Maximilian Moss, S.
This is a motion by Jerome D. Schwartz, an executor herein, for an order vacating or, in the alternative, modifying the notice and supplemental notice of examination served upon him as objectant by his coexecutors, the accountants herein; directing them to file a supplemental account; and granting such other and further relief as to the court may seem just and proper. After making this motion the objectant filed a separate account to which the coexecutors likewise filed objections. The two accounts are identical except for the items which reflect the conflicting claims of the parties relating to estate assets and liabilities allegedly unaccounted or incorrectly accounted for and to estate claims against each other. The items of examination sought herein of the objectant pertain to his claim which has been disallowed by his coexecutors and to a claim based upon certain bank accounts of decedent and asserted on behalf of the estate against him which his objections have put at issue. The accountants herein are entitled to such an examination in this proceeding pursuant to section 288 of the Civil Practice act. They would also be entitled to examine the objectant as accountant in his proceeding, pursuant to section 263 of the Surrogate’s Court Act, as to the same subject matters (Matter of Chyat, 60 N. Y. S. 2d 390, affd, 269 App. Div. 674; Matter of Stapf, 128 N. Y. S. 2d 850). In fact, in Schedule B-l of their account they indicated their intention to litigate their claim when the objecting executor would file his account. That they did not wait with their examination until then is no ground to vacate the present notices of examination. However, since the objections of the respective parties will, if tried, be tried and disposed of together, the pretrial proceedings may be combined in order to save time and avoid unnecessary applications. The objectant herein, of course, has the reciprocal right to examine the accountants herein. Accordingly, under the omnibus relief requested, the court directs that the examination of the objectant herein pursuant to section 288 of the Civil Practice Act be combined with an examination of him as accountant pursuant to *984 section 263 of the Surrogate’s Court Act. The motion to vacate the notice of examination herein is denied. The alternative relief requested is granted to the extent of eliminating from item 7 thereof reference to the effect of the medication and drugs furnished by Jerome D. Schwartz to decedent, and is otherwise denied. In this connection he will be required to produce all records, books and papers in his possession, custody or control for use upon the examination pursuant to section 296 of the Civil Practice Act.
The court denies the request that the accountants file a supplemental account to make Schedule B-l more definite and certain. The petition and account and the objections constitute the pleadings. A motion to make more definite and certain should be made before answer. The proper remedy under the circumstances herein would be for the objectant to obtain a bill of particulars or examine the accountants as adverse parties (City Bank Farmers Trust Co. v. National Cuba Hotel Corp., 133 N. Y. S. 2d 334; Tripp, Guide to Motion Practice, § 81, and cases cited; Rules Civ. Prac., rules 101,102, subd. 2; rule 105). Settle order on notice.